**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**DEWAYNE ALAN JERNIGAN**                                                                           **PETITIONER**

**VS.**                          **NO. 4:05-CV-01718-WRW**
                                 **4:98-CR-00252-01-WRW**

**UNITED STATES OF AMERICA**                                                                        **RESPONDENT**

**ORDER**

Pending is Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255 (Doc. No. 89).

**I.     BACKGROUND**

On September 21, 2000, Petitioner pled guilty to Counts 2, 3, and 4 of the indictment.[1] On December 15, 2000, he was sentenced to 262 months in prison. Petitioner appealed and the Eighth Circuit affirmed the judgment in a July 26, 2001 Order.[2]

**II.    DISCUSSION**

At sentencing, Petitioner received a "Career Criminal" enhancement based on his 1993 Arkansas conviction for negligent homicide. Petitioner asserts that his Fifth and Sixth Amendment rights were violated when his criminal sentence was enhanced based on facts that had not been decided by a jury beyond a reasonable doubt, as mandated by the Supreme Court's ruling in *United States v. Booker*[3] and *United States v. Blakely*.[4] Petitioner also asserts that he is

---

[1] Count 2 Manufacture of Methamphetamine; Count 3 Possession with Intent to Distribute Methamphetamine; and Count 4 Possession with Intent to Distribute more than 100 grams of Methamphetamine.

[2] *U.S. v. Jernigan*, 257 F.3d 865 (8th Cir. 2001).

[3] 125 S. Ct. 738 (2005).

[4] 542 U.S. 296 (2004).

"actually innocent" of the "Career Criminal" enhancement, because his previous conviction did not qualify as a "Crime of Violence."

### A.   *Booker* and *Blakely* Claims

There is no dispute that Petitioner's conviction became final well before *Booker* and *Blakely* were decided;[5] therefore the issue on these claims is only whether Petitioner is entitled to the benefit of *Booker* and *Blakely* on collateral review.

For Petitioner to prevail, the rights identified in *Booker* must be "retroactively applicable to cases on collateral review."[6] The Supreme Court has held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."[7] When issuing the opinions in *Blakely* and *Booker*, the Court did not indicate that the decisions would apply retroactively;[8] therefore, neither *Blakely* nor *Booker* are to be applied retroactively. Additionally, the Eighth Circuit has ruled that "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."[9]

Because *Blakely* and *Booker* do not constitute newly recognized rights by the Supreme Court "made retroactively applicable to cases on collateral review," Petitioner's § 2255 motion is procedurally barred as to his *Blakely* and *Booker* claims.

---

[5] *Clay v. U.S.*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction").

[6] 28 U.S.C. § 2255(3).

[7] *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

[8] *See Booker*, 125 S. Ct. at 769 (expressly stating "we must apply today's holdings . . . to all cases on direct review").

[9] *Never Misses A Shot v. U.S.*, 413 F.3d 781, 783 (8th Cir. 2005).

**B.     *Leocal* Claims**

Just as he argued on direct appeal of his sentence, Petitioner, again, contends that his negligent homicide conviction, resulting from driving while intoxicated, is not a "crime of violence" under § 4B1.2 of the United States Sentencing Guidelines.[10]  Now Petitioner asserts that, based on the United States Supreme Court's ruling in *Leocal v. Ashcroft*,[11] he is "actually innocent"of the "Career Criminal" enhancement, because his negligent homicide conviction does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2.

Petitioner's reliance on *Leocal* is without merit, since that case analyzed what constitutes a "crime of violence under 18 U.S.C. § 16.[12]  However, the 18 U.S.C. § definition of "crime of violence" that was addressed in *Leocal* played no part in Petitioner's sentencing.  Instead, U.S.S.G. § 4B1.2, which contains a different definition of "crime of violence,"[13] was used to determine whether Petitioner's negligent homicide conviction was a "crime of violence."  Moreover, in dicta, the 8th Circuit Court of Appeals held that their previous ruling that manslaughter is a "crime of violence" under § 4B1.2 is "undisturbed by *Leocal*."[14]

Petitioner's reliance on *U.S. v. Walker*[15] is of no help, since *Walker* is distinguishable.  In that case, the issue was whether "Iowa's offense of Operating While Intoxicated ('OWI') is a

---

[10] *See U.S. v. Jernigan*, 257 F.3d 865 (8th Cir. 2001).

[11] 125 S.Ct. 377 (2004).

[12] *See Leocal v. Ashcroft*, 125 S.Ct. 377, 383-84 (2004) (Holding that the crime of driving under the influence and causing serious bodily injury could not be considered a "crime of violence under 18 U.S.C. § 16.).

[13] *See U.S. v. Chauncey*, 420 F.3d 864, 877 (8th Cir. 2005) ("[T]he guidelines define "crime of violence" more broadly than does 18 U.S.C. § 16.").

[14] *Id.* Ironically, the 8th Circuit cited *United States v. Jernigan*, 257 F.3d 865 (8th Cir. 2001), to support its position that manslaughter is a "crime of violence" under U.S.S.G. 4B1.2.

[15] 393 F.3d 819 (8th Cir. 2005).

'crime of violence' under the United States Sentencing Guidelines."[16] The defendant in *Walker* was previously convicted of operating a motor vehicle while under the influence of alcohol, but didn't injure anyone. However, in this case, Petitioner operated a motor vehicle while under the influence of alcohol *and* negligently caused the death of another person.[17]

Petitioner also asserts that because "DUI/DWI negligent homicide is not specifically mentioned" in § 4B1.2, it is not considered a "crime of violence" under the guidelines. This argument was made in Petitioner's direct appeal and rejected by the 8th Circuit. Petitioner presents no new evidence to support his position, therefore, it is without merit.

## CONCLUSION

Based on the findings of fact and conclusions of law in this order, Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255 (Doc. No. 89) is DENIED and this case is DISMISSED.

IT IS SO ORDERED this 8th day of December, 2005.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[16] *Id.* at 820.

[17] *See* Ark. Code. Ann. § 5-10-105 (Michie 1997).